UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Francisco Ivan Velazquez,<br><br>　　　　　　　Defendant. | Case No. 2:22-cr-00090-JAD-NJK<br><br>**Order**<br><br>[Docket No. 92] |

　　Pending before the Court is the Government's motion in limine seeking leave to conduct a Rule 15 deposition. Docket No. 92. Defendant Francisco Ivan Velazquez filed a response in opposition. Docket No. 96. The Government filed a reply. Docket No. 99. The Court held a hearing on the motion. Docket No. 106. For the reasons discussed below, the Court **DENIES** the Government's motion.

I.　BACKGROUND

　　On May 3, 2022, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with two counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912. Docket No. 1. On August 30, 2022, the grand jury issued a superseding indictment, adding a third count for wire fraud, as well as a count for aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2). Docket No. 6. On October 27, 2022, Defendant was released from custody and placed on a personal recognizance bond. Docket No. 21. Trial has been continued several times, including sometimes shortly prior to the set date. *See, e.g.*, Docket

No. 82 (calendar call held on April 22, 2025, at which motion was granted to continue trial that had been set for May 5, 2025). Trial is now set for November 4, 2025. Docket No. 90. Both sides represent that they do not intend to seek further continuance of the trial. *See* Docket Nos. 104-105.

The Government intended to call at trial Pastor Jesus Hinojos as its primary witness as to Count Six. Pastor Hinojos has worked for decades as a pastor and, until recently, as a gardener. Docket No. 92 at 2.[1] Upon learning of the current trial date, Pastor Hinojos informed the Government that he would be unavailable to testify on November 4, 2025. *See id.* at 3. Before learning of this trial date, Pastor Hinojos committed to preaching and participating in two church events in Mexico, a trip for which he and his wife purchased nonrefundable flights for $1,200. *Id.* The trip will span from November 1, 2025, to November 14, 2025. *See id.*

On August 26, 2025, the Government filed a motion in limine seeking leave to take the deposition of Pastor Hinojos. Docket No. 92. That is the matter currently before the Court.

**II.   STANDARDS**

Depositions in criminal cases are not allowed for discovery purposes. *United States v. Cutler*, 806 F.2d 933, 936-37 (9th Cir. 1986). Such depositions are intended to "preserve testimony for trial." Fed. R. Crim. P. 15(a). "The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id.* "Depositions generally are disfavored in criminal cases." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). As the plain language of the rule suggests in requiring exceptional circumstances, taking depositions in criminal

---

[1] In light of the decision rendered, the Court need not reach Defendant's argument as to whether the factual contentions on which the motion is predicated were submitted in appropriate evidentiary form. *See* Docket No. 96 at 6 & n.13. The Court relies herein on the information proffered by the Government.

cases is "proper only in very limited circumstances." *United States v. Rich*, 580 F.2d 929, 933 (9th Cir. 1978). Such a deposition is permissible "only if the witness may be unable to attend trial." *United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006).[2] That allowing a deposition may promote fairness and efficiency is insufficient justification because "Rule 15 makes no exception for convenience and efficiency." *Fei Ye*, 436 F.3d at 1123-24.[3] Whether to permit a Rule 15 deposition is a matter entrusted to the district court's broad discretion. *Omene*, 143 F.3d at 1170 (quoting *United States v. Farfan-Carreon*, 935 F.2d 679, 679 (5th Cir. 1991)).

"[T]he facts of each case must be separately considered to determine whether the exceptional circumstances contemplated by Rule 15(a) exist." *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) (quoting *United States v. Hernandez-Escarsega,* 886 F.2d 1560, 1569 (9th Cir. 1989)). "[C]lassic examples" of scenarios in which exceptional circumstances exist involve percipient witnesses residing outside the United States who are not subject to the subpoena

---

[2] The Ninth Circuit has cautioned against confusing the prerequisites for taking a deposition under Rule 15 with the prerequisites for admitting a deposition into evidence. *United States v. Omene,* 143 F.3d 1167, 1170 (9th Cir.1998).

[3] The Government argued for the first time at the hearing that this portion of *Fei Ye* is non-binding *dicta* because it is not necessary to the conclusion reached by the panel. Determining what constitutes binding precedent in the Ninth Circuit is not as simple as that:

> A statement is dictum when it is made during the course of delivering a judicial opinion, but . . . is unnecessary to the decision in the case and is therefore not precedential. The line is not always easy to draw, however, for where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense.

*Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004) (cleaned up). Stated differently, "well-reasoned dicta is the law of the circuit." *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019). Other courts have treated the subject discussion in *Fei Ye* as a holding. *See, e.g.*, *United States v. Williams*, 548 F. Supp. 2d 1145, 1150 (D. Haw. 2008).

3

power of the Court. *United States v. Trumpower*, 546 F. Supp. 2d 849, 854 (E.D. Cal. 2008). In some circumstances, courts have also permitted Rule 15 depositions for those residing within the United States who have serious health issues that prevent their travel for trial. *See Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981); *see also, e.g.*, *United States v. Zafaranchi*, Case No. CR22-0122-JCC, 2024 WL 1659525, at *1 (W.D. Wash. Apr. 17, 2024) (citing *United States v. Prokop*, Case No. 2:09-cr-00022-MMD-GWF, 2014 WL 1154164, at *3 (D. Nev. Mar. 20, 2014)). Conversely, courts are not inclined to find exceptional circumstances when the movant has not shown that the witness cannot be compelled to testify at trial. *See United States v. Valle*, No CR-87-161E, 1989 WL 24526, at *1, 2 (W.D.N.Y. Mar. 17, 1989) (denying Rule 15 motion to depose attorney witnesses residing in Florida); *see also, e.g.*, *United States v. Ordonez*, 242 F. Supp. 3d 466, 475 (E.D. Va. 2017) ("the amenability to compulsory process, although not dispositive of availability, is a highly significant factor in the availability calculus").

### III.     ANALYSIS

In this case, Pastor Hinojos is a material witness who is expected to provide testimony as to Count Six in the superseding indictment. *See, e.g.*, Docket No. 92 at 2-3. Indeed, Pastor Hinojos is described by the Government as its "primary witness" for that Count. *Id.* at 2. The Government proffers that Pastor Hinojos has been willing and able to testify at all of the prior trial settings in this case despite the many requests to continue trial that have been sought and granted. *See id.* at 5. Prior to learning of the most recent trial setting of November 4, 2025, however, Pastor Hinojos had already planned and paid for a trip to Mexico during which he will be attending important church events and preaching. *See id.* at 3. Pastor Hinojos lives locally and is within the Court's subpoena power, *see id.*, but the Government argues that a Rule 15 deposition is warranted to avoid disrupting his pastoral travel plans.

The Court is sympathetic to the arguments the Government presents. Pastor Hinojos has a strong case to make that it is unfair that he be forced to miss his upcoming trip in order to testify in this case given all of the circumstances, including his willingness and availability to testify at the prior trial settings. The overriding problem for the Government's position, however, is that the Ninth Circuit has made clear that fairness, efficiency, and convenience do not constitute "exceptional circumstances" that justify a Rule 15 deposition. *Fei Ye*, 436 F.3d at 1123-24. Even beyond the Ninth Circuit, the Government has cited no case allowing a Rule 15 deposition in circumstances resembling those presented here. As Defendant points out, Rule 15 depositions are generally allowed for foreign witnesses beyond the subpoena power of the Court or, in limited instances, for domestic witnesses who cannot travel due to health issues. *See, e.g.*, Docket No. 96 at 7. In stark contrast to such circumstances, Pastor Hinojos is a local witness subject to the Court's subpoena power who has no health impediment to appearing at trial. The unfairness of needing to cancel his upcoming trip is not sufficient to justify taking his deposition.

Considering all of the circumstances presented and the governing law, the Court does not find exceptional circumstances to depose Pastor Hinojos.

## IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** the Government's motion.

IT IS SO ORDERED.

DATED: September 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge